## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Victor S.M.,                                                          Civil No. 26-400 (DWF/EMB)

        Petitioner,

v.

                                                **MEMORANDUM**

Kristi Noem, *Secretary, U.S. Department of*                   **OPINION AND ORDER**
*Homeland Security*; Peter B. Berg, *Field*
*Office Director Enforcement and Removal*
*Operations*; Executive Office for
Immigration Review; Pamela Bondi, *U.S.*
*Attorney General*; and U.S. Department of
Homeland Security,

        Respondents.

## INTRODUCTION

This matter is before the Court on Petitioner Victor S.M.'s petition for a writ of

habeas corpus alleging that he is in custody in violation of the Constitution and laws of

the United States (the "Petition"). (Doc. No. 1.) Respondents oppose. (Doc. No. 5.) For

the reasons set forth below, the Court grants the Petition and orders Respondents to

provide Petitioner with a bond hearing within seven days of the date of this Order.

## BACKGROUND

Petitioner is a Mexican national who entered the United States without inspection

in 2001. (Doc. No. 1 ¶¶ 1, 6.) He does not have lawful status in the United States. (*Id.*

¶ 6.) He is the widow of a U.S. citizen and the father of four minor children who are U.S.

citizens. (*Id.* ¶ 1.)

In June 2012, the U.S. Department of Homeland Security ("DHS") issued a Notice to Appear to place Petitioner into removal proceedings.  (*Id.* ¶ 7.)  DHS charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.*)  At that time, DHS did not allege that Petitioner was an "arriving alien."  (*Id.* ¶ 7; *see also id.* ¶ 36 (alleging that Petitioner was detained under § 1226(a).)  Petitioner was subsequently released on a bond of $3,000.  (*Id.* ¶ 8.)

On January 17, 2026, at approximately 7:45 a.m., Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE").  (*Id.* ¶ 1.)  He was not subject to an Order of Removal at the time of his detainment.  (*Id.*)  He is currently in ICE custody and being held at the Freeborn County Jail in Albert Lea, Minnesota.  (Doc. No. 6 at 6.)  DHS did not serve Petitioner with a pre-deprivation notice and has not given him an opportunity to challenge the revocation of the 2012 conditions of release.  (Doc. No. 1 ¶ 41.)  Petitioner has not received a bond redetermination hearing.  (*Id.* ¶ 2.)

At the time of his detainment, Petitioner was the beneficiary of an approved I-130 Visa petition filed by his late wife.  (*Id.* ¶ 9.)  Petitioner also had a pending I-601A, which would allow him to depart the country and obtain an immigrant visa through consular processing.  (*Id.*)

Petitioner filed the Petition on January 17, 2026.  (*Id.* at 9.)  Petitioner asserts that he is entitled to consideration for release on bond and that his detention violates his due process rights.  (*Id.* ¶¶ 29, 35, 43.)  He requests (1) an order prohibiting Respondents from moving him from this District during the pendency of the Petition, (2) release from detention or an order requiring Respondents to provide him with a bond hearing within

seven days, and (3) an award of attorneys' fees and costs.  (*Id.* at 8-9.)  On January 17,

2026, the Court ordered Respondents to answer the petition on or before January 20,

2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this

District pending further order.  (Doc. No. 4.)  Respondents timely filed a response,

arguing that Petitioner is subject to mandatory detention.[1]  (Doc. No. 5.)

## DISCUSSION

### I.    Legal Standard

A district court may provide habeas relief to a person who is being detained in

violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That

authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896,

900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149,

1154 (D. Minn. 2025).

### II.   Analysis

Within federal immigration law, two statutes govern the detention of noncitizens

pending removal proceedings—8 U.S.C. §§ 1225 and 1226.  Section 1225 applies to

---

[1]    Respondents did not make any arguments specific to Petitioner.  (*See* Doc. No. 5.)
Instead, Respondents referred the Court to arguments before the Eighth Circuit in *Avila v.
Bondi*, No. 25-3248.  In *Avila*, the Government is appealing a district court's decision that
a petitioner was not subject to mandatory detention under § 1225(b)(2)(A) but instead
entitled to a bond hearing under § 1226(a).  *See* Appellant Br., *Avila*, No. 25-3248
(8th Cir. Dec. 12, 2025).

"applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted" or who "arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Under that section, "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted," the noncitizen must be detained during the pendency of their removal proceedings. *Id.* § 1225(b)(2)(A). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Respondents argue that Petitioner is an "applicant for admission" because he was never lawfully admitted to the United States and is therefore still "seeking admission." But the plain language of the statute dictates otherwise. Petitioner has been in the United States for 25 years. He is not "seeking admission"—he is already here. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2). This outcome is bolstered by DHS's own determination that Petitioner was subject to § 1226 and allowed bond in 2012.

With this holding, the Court joins the chorus of compelling opinions from throughout the country holding that § 1225(b) does not apply to noncitizens already present in the country. *E.g.*, *Santos M.C. v. Olson*, No. 25-cv-4264, 2025 WL 3281787, at *2 n.3 (D. Minn. Nov. 25, 2025) (collecting cases). Respondents' arguments to the contrary have been repeatedly considered and rejected. *See, e.g.*, *E.M. v. Noem*,

No. 25-cv-3975, 2025 WL 3157839, at *4-8 (D. Minn. Nov. 12, 2025) (discussing the plain meaning of the statutes, canons of statutory interpretation, prior agency practice, and legislative history, and concluding that each supports the conclusion that § 1226(a) applies to noncitizens already present in the country).

Respondents must provide a bond redetermination hearing to Petitioner within seven days of this Order.  Failing that, any continued detention would be unlawful, and Petitioner's immediate release would be required.

## CONCLUSION

Petitioner is not subject to mandatory detention under § 1225(b)(2) but to the discretionary provisions of § 1226(a).  He is therefore entitled to a bond redetermination hearing, which the Court orders Respondents to provide within seven days.  If Petitioner is not given a bond redetermination hearing within that timeframe, he must be immediately released from detention.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner's writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

   a.    The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

b.      Respondents are ordered to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

c.      If the Government does not provide Petitioner with a bond redetermination hearing as required by this Order, Petitioner must be immediately released from detention.

d.      Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

2.      Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 21, 2026                  s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge